**LAW OFFICE OF CLARK OVRUCHESKY**
Clark Ovruchesky, Esq. (SBN: 301844)
co@colawcalifornia.com
750 B. Street, Suite 3300
San Diego, California 92101
Telephone: (619) 356-8960
Facsimile:  (619) 330-7610

*Attorney for Plaintiff,*
ERIK P.B. AGUON

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIK P.B. AGUON,<br><br>       Plaintiff,<br><br>       v.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS, SPECIALIZED LOAN SERVICING, LLC, SYNCHRONY BANK, FIDELITY CAPITAL HOLDINGS, INC., CHASE BANK USA, N.A., SAN DIEGO COUNTY CREDIT UNION, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, and TRANS UNION LLC.,<br><br>       Defendants. | **Case No.:**  '15CV2474 WQHRBB<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>  **1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>  **2.) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.; AND,**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Plaintiff ERIK P.B. AGUON ("Plaintiff"), through his attorney, brings this lawsuit to challenge the actions of Defendants **PROGRESSIVE MANAGEMENT SYSTEMS ("Progressive" or "Defendant"), SPECIALIZED LOAN SERVICING, LLC ("Specialized" or "Defendants"), SYNCHRONY BANK ("Synchrony" or "Defendants"), FIDELITY CAPITAL HOLDINGS, INC. ("Fidelity" or "Defendants"), CHASE BANK USA, N.A. ("Chase" or "Defendants"), SAN DIEGO COUNTY CREDIT UNION ("SDCCU" or "Defendants"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendants"), EQUIFAX INFORMATION SERVICES LLC ("Equifax" or "Defendants"), and TRANS UNION LLC. ("TransUnion" or "Defendants")** with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15

U.S.C. § 1681a(g); Defendants' willful and negligent failure to properly investigate the repeated disputes of Plaintiff concerning the inaccurate data Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

6. Any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of (i) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA") and (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1. et seq. ("CCCRAA").

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, in the State of California.  In addition, Plaintiff is a "consumer" as that term is defined by: Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

13. Defendant Progressive is a corporation whose primary corporate address is in the West Covina, in the State of California.

14. Defendant Specialized is a corporation whose primary corporate address is in the City of Highlands Ranch, in the State of Colorado.

15. Defendant Synchrony is a corporation whose primary corporate address is in the City of Kettering, in the State of Ohio.

16. Defendant Fidelity is a corporation whose primary corporate address is in the City of Glendale, in the State of California.

17. Defendant Chase is a corporation whose primary corporate address is in the City of Columbus, in the State of Ohio.

18. Defendant SDCCU is a corporation whose primary corporate address is in the City of San Diego, in the State of California.

19. Defendant Experian is a corporation whose primary corporate address is in the City of Costa Mesa, in the State of California.

20. Defendant Equifax is a corporation whose primary corporate address is in the City of Atlanta, in the State of Georgia.

21. Defendant TransUnion is a corporation whose primary corporate address is in the City of Chicago, in the State of Illinois.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

22. Defendants Progressive, Specialized, Synchrony, Fidelity, Chase, and SDCCU are each furnishers of information as contemplated by FCRA sections 1681s-2(a) & (b), which regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

23. Plaintiff is informed and believes, and thereon alleges, that Defendants Progressive, Specialized, Synchrony, Fidelity, Chase, and SDCCU, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

24. Defendants Experian, Equifax, and TransUnion are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

25. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## GENERAL ALLEGATIONS

26. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

27. Furthermore, Defendants conducted business within the State of California at all times relevant.

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

28. On or about January 29, 2009, Plaintiff filed for a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of California in San Diego. Plaintiff's case was assigned Case Number 09-00934 (the "Bankruptcy").

29. As a result of a major class action settlement, Experian, Equifax, and TransUnion have been required to revise their procedures to treat all pre-bankruptcy debts reporting as discharged, unless furnishers provide information showing that a debt was excludable from discharge.[1]

30. The obligations ("Debt) to Defendants Progressive, Specialized, Synchrony, Chase, and SDCCU were included in the Bankruptcy.

31. These Defendants, creditors, received notice of the Bankruptcy filing on or about January 30, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

32. These Defendants, creditors, also received notice of the Bankruptcy discharge on or about May 5, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

33. On or about May 4, 2009, Plaintiff received a bankruptcy discharge.

34. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

35. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

36. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

///

///

_____

[1] *White v. Experian Info Solutions, Inc.*, Case No. CV 05-01070 (C.D. Cal. Aug. 19, 2008) (lead case number).

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

37. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for any of the Defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court, including the initial Petition for Relief for Bankruptcy protection (the "Petition").

38. Defendants named herein, and each of them, either reported or caused to be reported inaccurate information after the Bankruptcy was filed.

39. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information on Plaintiff's credit report(s), which is a collection activity, was therefore inaccurate and prohibited by the automatic stay and discharge.

40. Defendants' reporting post-Bankruptcy derogatory information was inaccurate in that Defendants continued reporting information based on Defendants' pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate."

41. Defendants' reporting of post-Bankruptcy derogatory information was also inaccurate because a default on an account included in a bankruptcy can occur no later than the bankruptcy filing date, at which point the accounts included in the Bankruptcy were no longer collectable due to the effect of the automatic stay. Thus, by reporting post-Bankruptcy derogatory information, Defendants made Plaintiff's Debt appear more recently subject to collection than it really was, which is inaccurate and misleading.

42. Moreover, the Consumer Data Industry Association's ("CDIA") Metro 2 format is the credit industry's standardized, objective reporting format used by furnishers to provide information about consumer accounts to consumer reporting agencies.[2]

---

[2] *See* Consumer Financial Protection Bureau, Key Dimensions and Processes in the U.S. Credit

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

43. Upon information and belief, Plaintiff alleges that Defendants choose to subscribe to the Metro 2 format for credit reporting to credit reporting agencies.

44. The CDIA instructs credit furnishers to report the following way for consumers like Plaintiff who filed for Chapter 7 Bankruptcies: (1) report the value indicator "D" or "no data" in the payment history section during a bankruptcy, rather than delinquency notes; (2) report the status of the account at the time of the bankruptcy petition (e.g. "Included in Bankruptcy"), rather than the account status as it *would have* existed in the months following the filing of the Bankruptcy Petition if the Bankruptcy Petition had not been filed (e.g. "120+ days delinquent" or "charged off").

45. Accordingly, by reporting post-Bankruptcy derogatory information, Defendants did not comply with the Metro 2 format.

46. Furnishers utilizing the Metro 2 reporting standard correctly is crucial because the Metro 2 system creates a uniform standard for the meaning given to each field provided, which fosters consistency in how furnishers calculate data to report to the bureaus, which ultimately leads to objective credit scores being formulated for consumers.

47. Accordingly, Defendants' non-compliance with the Metro 2 reporting standards constitutes an inaccurate or misleading statement under the FCRA, because a furnisher that fails to comply with the uniform and objective Metro 2 reporting standards compromises the credit reporting system.

48. Plaintiff subsequently learned that Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files and damaging Plaintiff's creditworthiness.

Reporting System, available at: http://files.consumerfinance.gov/f/201212_cfpb_credit-reporting-white-paper.pdf

**PROGRESSIVE MANAGEMENT SERVICES: MISREPORTED CREDIT INFORMATION RE: ACCOUNT NO.: 18696534\***

49.   In an Experian Credit Report dated July 13, 2015, Progressive reported the following inaccurate, derogatory information for the above-referenced account number:

- May 2009: "CO" - Charged Off

50.   Similarly, in a TransUnion Credit Report dated April 2015, Progressive reported the following inaccurate, derogatory information for the above-referenced account number:

- Status: Open
- Balance: $2,234
- High Balance: $1,434

51.   Progressive should not have reported derogatory information on Plaintiff's account to Experian and TransUnion after January 29, 2009 because Plaintiff filed for bankruptcy on January 29, 2009.

52.   Progressive, Experian, and TrasnUnion's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

53.   Both Experian and TransUnion's credit reports even reported the Bankruptcy in their respective "Public Records" sections of Plaintiff's credit reports, and reflected that the Bankruptcy was filed on January 29, 2009. Therefore, Experian and TransUnion had notice of the Bankruptcy.

54.   Moreover, Experian and TransUnion had notice of the Bankruptcy due to multiple other accounts reporting in Plaintiff's Experian and TransUnion credit reports notating the Bankruptcy.

55.   However, even with notice of the Bankruptcy, Experian and TransUnion allowed Progressive to report the above inaccurate and derogatory information, for a debt that was included and discharged in the Bankruptcy, after Plaintiff filed the Bankruptcy.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

56. Therefore, Experian and TransUnion's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

57. Accordingly, Experian and TransUnion failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

58. Progressive received notice of the Bankruptcy filing on or about January 30, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

59. Progressive also received notice of the Bankruptcy discharge on or about May 5, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

60. Therefore, Progressive's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

61. Through this conduct, Progressive has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian and TransUnion, consumer reporting agencies, that Progressive knew or should known was inaccurate.

### SPECIALIZED LOAN SERVICES MISREPORTED CREDIT INFORMATION
### RE: ACCOUNT NO.: 100284XXXX*

62. In an Experian Credit Report dated July 13, 2015 reported the following inaccurate, derogatory information for the above-referenced account number:
   - January 2009 – April 2009: 120 days late
   - May 2009: "CO" – Charged Off

63. Specialized Loan Services should not have reported derogatory information on Plaintiff's account after January 29, 2009 because Plaintiff filed for bankruptcy on January 29, 2009.

64. Specialized and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

65. Experian even reported the Bankruptcy in its "Public Records" section of Plaintiff's credit report, and reflected that the Bankruptcy was filed on January 29, 2009. Therefore, Experian had notice of the Bankruptcy.

66. Moreover, Experian had notice of the Bankruptcy due to multiple other accounts reporting in Plaintiff's Experian credit report notating the Bankruptcy.

67. However, even with notice of the Bankruptcy, Experian allowed Specialized to report the above inaccurate and derogatory information, for a debt that was included and discharged in the Bankruptcy, after Plaintiff filed the Bankruptcy.

68. Therefore, Experian's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

69. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

70. Specialized received notice of the Bankruptcy filing on or about January 30, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

71. Specialized also received notice of the Bankruptcy discharge on or about May 5, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

72. Therefore, Specialized's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

73. Through this conduct, Specialized has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian, a consumer reporting agency, that Specialized knew or should known was inaccurate.

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

74. On or about July 2015, Plaintiff disputed Specialized's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Specialized.

75. Specifically, Plaintiff sent a letter, via certified mail, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate information be removed.

76. The Experian Dispute Letter further requested that Experian:

- Immediately delete the account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current."

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date [Plaintiff's] bankruptcy filing date, January 29, 2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in [Plaintiff's] credit report of all the disputed information contained in this letter regarding this account.

77. Upon information and belief, Experian timely notified Specialized of Plaintiff's dispute, but Specialized continued reporting inaccurate, derogatory information.

78. Specialized and Experian were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.SC. § 1681s-2(b)(1)(A).

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

79. On or about August 2015, Plaintiff received notification from Experian that Specialized and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

80. However, rather than remove all the above derogatory information from Plaintiff's report, Specialized and Experian simply left derogatory information on Plaintiff's report. Specifically, Specialized and Experian continued to report the following inaccurate and derogatory information on Plaintiff's credit:

- April 2009: $180 Late Payment (after the bankruptcy filing date)
- Added "Balloon Payment" of $44,878 in Status Section, even though Plaintiff's personal liability to this amount was discharged through the Bankruptcy; thus, Plaintiff had no personal obligation to pay this balloon payment amount.

81. Experian did not provide notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

82. As discussed above, included in the Experian Dispute Letter was Plaintiff's statement of dispute, pursuant to 15 U.S.C. § 1681i(b).

83. However, despite Experian never notifying Plaintiff that his dispute was "frivolous or irrelevant," they failed to notate that Plaintiff disputed the above reporting in their subsequent reporting, as required by 15 U.S.C. § 1681i(c).

84. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

85. Specialized and Experian, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b)(1)(A).

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

86. Specialized and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

87. Due to Specialized and Experian's failure to reasonably investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

88. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

89. Plaintiff's continued efforts to correct Specialized and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Specialized and Experian were fruitless.

90. Specialized and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

91. Specialized and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

92. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Specialized and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

93. Through this conduct, Specialized has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian, a consumer reporting agency, that Specialized knew or should known was inaccurate.

///

///

///

///

## SYNCHRONY BANK MISREPORTED CREDIT INFORMATION
## RE: ACCOUNT NO.: 798192405758*

94. In an Experian Credit Report dated July 13, 2015, Synchrony reported the following inaccurate, derogatory information for the above-referenced account number:

   - 02/2009: 60 Days late; 03/2009: 90 days late; 04/2009 and 05/2009: "CO" – Charged Off

95. In an Equifax Credit Report dated July 13, 2015, Synchrony reported the following inaccurate, derogatory information for the above-referenced account number:

   - Date Maj. Del. 1st Rptd 02/2009

96. Synchrony should not have reported derogatory information on Plaintiff's account after January 29, 2015 because Plaintiff filed for bankruptcy on January 29, 2015.

97. Synchrony, Equifax, and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

98. Experian and Equifax even reported the Bankruptcy in its "Public Records" sections of Plaintiff's credit reports, and reflected that the Bankruptcy was filed on January 29, 2009. Therefore, Experian and Equifax had notice of the Bankruptcy.

99. Equifax and Experian had notice of the Bankruptcy due to multiple other accounts reporting in Plaintiff's credit reports notating the Bankruptcy.

100. However, even with notice of the Bankruptcy, Experian and Equifax allowed Synchrony to report the above inaccurate and derogatory information, for a debt that was included and discharged in the Bankruptcy, after Plaintiff filed the Bankruptcy.

101. Therefore, Equifax and Experian's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

102. Accordingly, Equifax and Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

103. Synchrony received notice of the Bankruptcy filing on or about January 30, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

104. Synchrony also received notice of the Bankruptcy discharge on or about May 5, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

105. Therefore, Synchrony's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

106. Through this conduct, Synchrony has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian, a consumer reporting agency, that Synchrony knew or should known was inaccurate.

107. On or about July 2015, Plaintiff disputed Synchrony's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian and Equifax, in writing, of the incorrect and inaccurate credit information furnished by Synchrony.

108. Specifically, Plaintiff sent letters, via certified mail, to Experian and Equifax (the "Dispute Letters"), requesting the above inaccurate information be removed.

109. The Dispute Letters further requested that Experian and Equifax:

- Immediately delete the account and the disputed derogatory information from [Plaintiff's] credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current."
- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

[Plaintiff's] bankruptcy filing date, January 29, 2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Experian/Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in [Plaintiff's] credit report of all the disputed information contained in this letter regarding this account.

110. Upon information and belief, Experian and Equifax timely notified Synchrony of Plaintiff's dispute, but Synchrony continued reporting inaccurate, derogatory information.

111. Synchrony, Equifax and Experian were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.SC. § 1681s-2(b)(1)(A).

112. On or about August 2015, Plaintiff received notification from Experian and Equifax that Synchrony, Experian, and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

113. However, rather than removing all the above derogatory information from Plaintiff's report, Synchrony and Experian simply left derogatory information on Plaintiff's report. Specifically, Synchrony and Experian continued to report the following inaccurate and derogatory information on Plaintiff's Experian credit report:

- 03/2009 and 04/2009: "CO" – Charged Off

114. Similarly, rather than removing all the above derogatory information from Plaintiff's report, Synchrony and Equifax simply left derogatory information on Plaintiff's report. Specifically, Synchrony and Equifax continued to report the following inaccurate and derogatory information on Plaintiff's Equifax

credit report:

- Date Maj. Del. 1st Rptd 02/2009

115. Neither Experian nor Equifax provided notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

116. As discussed above, included in the Dispute Letters sent to Experian and Equifax was Plaintiff's statement of dispute to Experian and Equifax, pursuant to 15 U.S.C. § 1681i(b).

117. However, despite Experian and Equifax never notifying Plaintiff that his dispute was "frivolous or irrelevant," they failed to notate that Plaintiff disputed the above reporting in their subsequent reporting, as required by 15 U.S.C. § 1681i(c).

118. Accordingly, Experian and Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

119. Synchrony, Experian, and Equifax, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i and 15 U.SC. § 1681s-2(b)(1)(A).

120. Synchrony, Experian, and Equifax failed to review all relevant information provided by Plaintiff in the disputes to Experian and Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

121. Due to Synchrony, Experian, and Equifax's failure to reasonably investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

122. Accordingly, Experian and Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

123. Plaintiff's continued efforts to correct Synchrony, Experian, and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Synchrony to Experian and Equifax were fruitless.

124. Synchrony, Experian, and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

125. Synchrony, Experian, and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

126. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Synchrony, Experian, and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

127. Through this conduct, Synchrony has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian and Equifax, each a consumer reporting agency, that Synchrony knew or should known was inaccurate.

## FIDELITY CREDITOR SERVICES MISREPORTED CREDIT INFORMATION RE: ACCOUNT NO.: F600BIO465082XXXX

128. In an Experian Credit Report dated July 13, 2015, Fidelity reported the following inaccurate, derogatory information for the above-referenced account number:

- Balance: $53.00
- Past Due: $53.00
- "CO" May 2013 through April 2015
- Payment Status: Seriously past due date/assigned to attorney, collection agency or credit grantor's internal collection department.

129. This reported information is inaccurate because Plaintiff never entered into an agreement with Fidelity or any purported original creditor to create the alleged debt owed.

130. Through this conduct, Fidelity has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian, a consumer reporting agency, that Fidelity knew or should known was inaccurate.

131. On or about July 2015, Plaintiff disputed Fidelity's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Fidelity.

132. Specifically, Plaintiff sent a letter, via certified mail, to Experian (the "Experian Dispute Letter"), which expressed the following:

- I do not recognize this account. I have never owed a debt to this company and have never entered into any type of contractual agreement with this company or any purported original creditor. This account and all the derogatory marks associated with it need to be removed from my credit report.

133. The Experian Dispute Letter further requested that Experian:

- Immediately delete the account and the disputed derogatory information from [Plaintiff's] credit report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in [Plaintiff's] credit report of all the disputed information contained in this letter regarding this account.

134. Upon information and belief, Experian timely notified Fidelity of Plaintiff's dispute, but Fidelity continued reporting inaccurate, derogatory information.

135. Fidelity and Experian were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b)(1)(A).

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

136. On or about August 2015, Plaintiff received notification from Experian that Fidelity received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

137. However, rather than remove all the above derogatory information from Plaintiff's report, Fidelity and Experian simply left derogatory information on Plaintiff's report. Specifically, Fidelity and Experian continued to report the following inaccurate and derogatory information on Plaintiff's credit:

- They continued to report the account in general, even though Plaintiff never entered into a contract for the account to report in the first place; therefore, the account should have been deleted in a reasonable reinvestigation.

- "C" = "Collection" notes in the "Payment History" section from June 2012 to April 2015.

- Recent Balance: $53 as of Apr 2015

- Status: "Collection account. $53 past due as of Apr 2015.

138. Experian did not provide notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

139. As discussed above, included in the Experian Dispute Letter sent to Experian was Plaintiff's statement of dispute to Experian, pursuant to 15 U.S.C. § 1681i(b).

140. However, despite Experian never notifying Plaintiff that his dispute was "frivolous or irrelevant," they failed to notate that Plaintiff disputed the above reporting in their subsequent reporting, as required by 15 U.S.C. § 1681i(c).

141. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

142. Fidelity and Experian, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i and 15 U.SC. § 1681s-2(b)(1)(A).

143. Fidelity and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

144. Due to Fidelity and Experian's failure to reasonably investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

145. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

146. Plaintiff's continued efforts to correct Fidelity and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Fidelity and Experian were fruitless.

147. Fidelity and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

148. Fidelity and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

149. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Fidelity and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

150. Through this conduct, Fidelity has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian, a consumer reporting agency, that Fidelity knew or should known was inaccurate.

**CHASE MGT, MISREPORTED CREDIT INFORMATION**

**RE: ACCOUNT NO.: 465198025******

151. In an Experian Credit Report dated July 13, 2015, Chase reported the following inaccurate, derogatory information for the above-referenced account number:

- 02/2009: 60 days late; 03/2009: 90 days late; 4/2009: 120 days late; and 5/2009: "CO" – Charge Off

152. Similarly, in an Equifax Credit Report dated July 13 2015, Chase reported the following inaccurate, derogatory information for the above-referenced account number:

- Date Major Delinquency First Reported: 02/2009

153. Chase should not have reported derogatory information on Plaintiff's account to Experian and Equifax after January 29, 2009 because Plaintiff filed for bankruptcy on January 29, 2009.

154. Chase, Experian, and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

155. Both Experian and Equifax's credit reports even reported the Bankruptcy in their respective "Public Records" sections of Plaintiff's credit reports, and reflected that the Bankruptcy was filed on January 29, 2009. Therefore, Experian and Equifax had notice of the Bankruptcy.

156. Moreover, Experian and Equifax had notice of the Bankruptcy due to multiple other accounts reporting in Plaintiff's Experian and Equifax credit reports notating the Bankruptcy.

157. However, even with notice of the Bankruptcy, Experian and Equifax allowed Chase to report the above inaccurate and derogatory information, for a debt that was included and discharged in the Bankruptcy, after Plaintiff filed the Bankruptcy.

158. Therefore, Experian and Equifax's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

159. Accordingly, Experian and Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

160. Chase received notice of the Bankruptcy filing on or about January 30, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

161. Chase also received notice of the Bankruptcy discharge on or about May 5, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

162. Therefore, Chase's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

163. Through this conduct, Chase has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian and Equifax, consumer reporting agencies, that Chase knew or should known was inaccurate.

164. On or about July 2015, Plaintiff disputed Chase's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian and Equifax, in writing, of the incorrect and inaccurate credit information furnished by Chase.

165. Specifically, Plaintiff sent letters (the "Dispute Letters"), via certified mail, to Experian and Equifax   (the "Dispute Letters"), requesting the above inaccurate information be removed.

166. The Dispute Letters each further requested that Equifax and Experian:

- Immediately delete the account and the disputed derogatory information from [Plaintiff's] credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current."

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date [Plaintiff's] bankruptcy filing date, January 29, 2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian/Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in [Plaintiff's] credit report of all the disputed information contained in this letter regarding this account.

167. Upon information and belief, Experian and Equifax timely notified Chase of Plaintiff's dispute, but Chase continued reporting inaccurate, derogatory information.

168. Chase, Equifax and Experian were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.SC. § 1681s-2(b)(1)(A).

169. On or about August 2015, Plaintiff received notification from Experian and Equifax that Chase, Experian, and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

170. However, rather than removing all the above derogatory information from Plaintiff's report, Chase and Equifax simply left derogatory information on Plaintiff's report. Specifically, Synchrony and Experian continued to report the following inaccurate and derogatory information on Plaintiff's Experian credit report:

- Date Maj. Del. 1st Rptd: 02/2009

171. Equifax did not provide notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

172. As discussed above, included in the Dispute Letter sent to Equifax was Plaintiff's statement of dispute to Equifax, pursuant to 15 U.S.C. § 1681i(b).

173. However, despite Equifax never notifying Plaintiff that his dispute was "frivolous or irrelevant," Equifax failed to notate that Plaintiff disputed the above reporting in their subsequent reporting, as required by 15 U.S.C. § 1681i(c).

174. Accordingly, Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

175. Chase and Equifax, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i. and 15 U.SC. § 1681s-2(b)(1)(A).

176. Chase and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

177. Due to Chase and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

178. Accordingly, Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

179. Plaintiff's continued efforts to correct Chase and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Chase and Equifax were fruitless.

180. Chase and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

181. Chase and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

182. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Chase and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

183. Through this conduct, Chase has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax, a consumer reporting agency, that Chase knew or should known was inaccurate.

**SAN DIEGO CREDIT UNION MISREPORTED CREDIT INFORMATION**
**RE: ACCOUNT NO.: 2586939****

184. In an Experian Credit Report dated July 13, 2015, SDCCU reported the following inaccurate, derogatory information for the above-referenced account number:

- May 2009: "CO" – Charge Off

185. Similarly, in an Equifax Credit Report dated July 13 2015, SDCCU reported the following inaccurate, derogatory information for the above-referenced account number:

- Date Major Delinquency First Reported: 02/2009

186. SDCCU should not have reported derogatory information on Plaintiff's account to Experian and Equifax after January 29, 2009 because Plaintiff filed for bankruptcy on January 29, 2009.

187. SDCCU, Experian, and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

///

///

///

188. Both Experian and Equifax's credit reports even reported the Bankruptcy in their respective "Public Records" sections of Plaintiff's credit reports, and reflected that the Bankruptcy was filed on January 29, 2009. Therefore, Experian and Equifax had notice of the Bankruptcy.

189. Moreover, Experian and Equifax had notice of the Bankruptcy due to multiple other accounts reporting in Plaintiff's Experian and Equifax credit reports notating the Bankruptcy.

190. However, even with notice of the Bankruptcy, Experian and Equifax allowed SDCCU to report the above inaccurate and derogatory information, for a debt that was included and discharged in the Bankruptcy, after Plaintiff filed the Bankruptcy.

191. Therefore, Experian and Equifax's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

192. Accordingly, Experian and Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

193. SDCCU received notice of the Bankruptcy filing on or about January 30, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

194. SDCCU also received notice of the Bankruptcy discharge on or about May 5, 2009 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

195. Therefore, SDCCU's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

196. Through this conduct, SDCCU has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian and Equifax, consumer reporting agencies, that SDCCU knew or should known was inaccurate.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

197. On or about July 2015, Plaintiff disputed SDCCU's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian and Equifax, in writing, of the incorrect and inaccurate credit information furnished by SDCCU.

198. Specifically, Plaintiff sent letters (the "Dispute Letters"), via certified mail, to Experian and Equifax    (the "Dispute Letters"), requesting the above inaccurate information be removed.

199. The Dispute Letters each further requested that Equifax and Experian:

- Immediately delete the account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current."

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date [Plaintiff's] bankruptcy filing date, January 29, 2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian/Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in [Plaintiff's] credit report of all the disputed information contained in this letter regarding this account.

200. Upon information and belief, Experian and Equifax timely notified SDCCU of Plaintiff's dispute, but SDCCU continued reporting inaccurate, derogatory information.

201. SDCCU, Equifax and Experian were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i. and 15 U.S.C. § 1681s-2(b)(1)(A).

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

202. On or about August 2015, Plaintiff received notification from Experian and Equifax that SDCCU, Experian, and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

203. However, rather than removing all the above derogatory information from Plaintiff's report, Chase and Equifax simply left derogatory information on Plaintiff's report. Specifically, Chase and Equifax continued to report the following inaccurate and derogatory information on Plaintiff's Equifax credit report:

- Date Maj. Del. 1st Rptd: 02/2009

204. Equifax did not provide notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

205. As discussed above, included in the Dispute Letter sent to Equifax was Plaintiff's statement of dispute to Equifax, pursuant to 15 U.S.C. § 1681i(b).

206. However, despite Equifax never notifying Plaintiff that his dispute was "frivolous or irrelevant," Equifax failed to notate that Plaintiff disputed the above reporting in their subsequent reporting, as required by 15 U.S.C. § 1681i(c).

207. Accordingly, Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

208. SDCCU and Equifax, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b)(1)(A).

209. SDCCU and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

210. Due to SDCCU and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

211. Accordingly, Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

212. Plaintiff's continued efforts to correct SDCCU and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with SDCCU and Equifax were fruitless.

213. SDCCU and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

214. SDCCU and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

215. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, SDCCU and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

216. Through this conduct, SDCCU has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax, a consumer reporting agency, that SDCCU knew or should known was inaccurate.

///
///
///
///
///
///
///

**CAUSES OF ACTION**

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. §§ 1681 ET SEQ.**

**[AGAINST DEFENDANTS SPECIALIZED, SYNCHRONY, FIDELITY, CHASE, SDCCU,**

**EXPERIAN, EQUIFAX, AND TRANSUNION ]**

217. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

218. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including, but not limited to, each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

219. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

220. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

///
///
///
///
///
///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

## COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1 ET SEQ.

## [AGAINST DEFENDANTS PROGRESSIVE, SPECIALIZED, SYNCHRONY, FIDELITY, CHASE, AND SDCCU ONLY]

221. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

222. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

223. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

224. Because Defendants are partnerships, corporations, associations, or other entities, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since Defendants received notice that Plaintiff's accounts were reporting inaccurately, Defendants should have adjusted Plaintiff's accounts accordingly, but yet failed to do so.

///

///

///

///

///

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendants;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendants;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against Defendants;

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b) against Defendants;

- Any and all other relief the Court deems just and proper.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

Dated: November 1, 2015                    Respectfully submitted,

                                           LAW OFFICE OF CLARK OVRUCHESKY

                                           By: /s/ Clark Ovruchesky
                                               CLARK OVRUCHESKY, ESQ.
                                               ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

225. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 1, 2015                    Respectfully submitted,

                                           LAW OFFICE OF CLARK OVRUCHESKY

                                           By: /s/ Clark Ovruchesky
                                               CLARK OVRUCHESKY, ESQ.
                                               ATTORNEY FOR PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

PROOF OF SERVICE